RIGGIO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1915. On Petition for Rehearing, April 20, 1915.)

No. 209.

COUNTERFEITING ☞18—PROSECUTION—EVIDENCE.

Evidence considered, and *held* sufficient to sustain a verdict finding defendant guilty of counterfeiting and having in his possession counterfeit coins.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 41–45; Dec. Dig. ☞18.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of New York.

On writ of error to review a judgment of conviction entered upon the verdict of a jury in the Eastern District of New York upon an indictment charging the defendant with counterfeiting and having in his possession counterfeit coin made to resemble silver coins of the United States.

Achille J. Oishei, of New York City, for plaintiff in error.

Louis R. Bick, U. S. Atty., of Brooklyn, for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The indictment contains four counts. The first count charges the defendant and one Carmela Quartucci with having, in the Borough of Brooklyn, on the 6th day of April, 1914, knowingly counterfeited and assisted in counterfeiting ten false, forged and counterfeited coins in resemblance of the silver coins cast at the United States mints and known as quarters, with intent to defraud divers persons whose names are unknown. The second count charges the defendant and Quartucci with having, at the same time and place, the said coins in their possession. The third count charges them with having, at the same time and place, counterfeited ten false, forged and counterfeit coins called dimes. The fourth count charges them with having the said counterfeit dimes in their possession.

The question of the defendant's guilt was purely one of fact and the verdict of the jury is conclusive on this question. There can be no doubt that, upon the testimony, counterfeit coin was being made at No. 6511 Eleventh avenue, Brooklyn, at and prior to the time of the defendant's arrest. The question is, did he know of and assist in the manufacture? It was shown that he was frequently there using the rear door for entrance and exit. On April 6th, the day of the arrest, the officers shadowed the defendant and Quartucci, who was indicted with the defendant, pleaded guilty and was used as a witness for the United States. The testimony of the officers who entered the house was to the effect that after Quartucci reached the house Riggio left and returned in about half an hour, using the rear entrance. Six secret service agents surrounded the house and two entered the rear door, finding Riggio and Quartucci in the room. They found a gas stove with a ladle on the stove, molten lead and a burning gas jet under the ladle. They also found a board full of counterfeit dimes, 275 in all, two bags of metal and a mold for making quarters. There was also evidence that the defendant stated that he lived at No. 6511. The principal defense of the defendant was that he did not live at the premises in question at the time of the arrest and that prior to April 6th he had not been there for a month. He also testified that the premises were locked up at night during January, February and March, but he was unable to give any intelligent reason for having paid the gas bill for this period when confronted with the receipted bills. Besides these circumstances we have the direct testimony of one of the officers that when asked who lived there he answered that he did.

We deem it unnecessary to discuss the testimony further as we have

no doubt whatever that it presented a question of fact which was properly submitted to the jury. If they believed the defendant it was their duty to acquit, but the circumstances pointed strongly to him as one who knew what was going on at No. 6511 and who participated in the making of the spurious coin found on the premises. In view of the many evidences of counterfeiting, the jury were fully justified in finding that the defendant must have known what was being done in the rear room.

The defendant relies upon the case of Hauger v. United States, 173 Fed. 54, 97 C. C. A. 372, but we do not regard the law as there laid down applicable to the present situation. It would be in point if Quartucci, in the absence of the defendant, had confessed to one of the officers that Riggio and he had made the counterfeit coin in question and the officer had sworn to his statement upon the trial.

The judgment is affirmed.

### On Petition for Rehearing.

PER CURIAM. Rubano testified as follows:

"Agent Schroeder put his shoulder to that door and forced it. It gave, and I told Riggio to remain there if that was his house, to stay with me. We got that door in, that was a pantry door, and we found another door and forced that open, and as the door gave, the first glance of the room I saw Quartucci going from the stove towards the bedroom, and Schroeder and I entered, Riggio and the two boys he was talking to also. I then motioned to Agent Rich and said, 'This way, it's all right,' and the other agents followed. When we entered the door we told Riggio and Quartucci to sit down, that we were government officers. Then I had a conversation with Riggio. * * *

"A. Those two smaller pans are the ones I have reference to being near the stove. The other pot was brought in from the bedroom by Schlam, and contained mold frames. Right after Agent Schlam had brought in the bags from under the bed with plaster in it.

"Q. Riggio was there? A. Yes.

"Q. Was the defendant Riggio there at that time? A. From the moment we entered that door until we left.

"Q. And right in that room? A. Yes."

The statement in the opinion referred to in the motion for a rehearing was made for the purpose of showing that the defendant was present when the officers made the search and discovered the evidence tending to show that counterfeit money was being made in the house. Of course it is immaterial whether he went into the house before the officers arrived or entered at the same time they did.

Petition for a rehearing is denied.